**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND, SOUTHERN DIVISION**

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2005 DEC 20  A  9: 33

CLERK'S OFFICE
AT GREENBELT

BY_____DEPUTY

CCB 05 CV 3393

| | |
|---|---|
| JOSE MARROQUIN, FAUSTINO ALMARAS, ANGEL AREBALO, JUAN AREBALO, ORACIO AREBALO, ROEL AREBALO, MANUEL CAMPOS, SANTOS CHIROY, JOSE CUBILLAS, FELIPE FLORES, RAFAEL GALINDO, MATEO GARCIA, FRANCISCO GOMEZ AGUILAR, JOSE GOMEZ SANCHEZ, MATEO HERNANDEZ LOPEZ, FELIPE ROBERTO HERNANDEZ PEREZ, SATORNINO HERNANDEZ, JORGE LAREDO RUIZ, WILMER LEIVA, FRANCISCO LUNA, LUCAS MAZARIEGOS LOPEZ, JOSE LUIS MELENDEZ TUBAC, ESTEBAN MENDOZA SANTIAGO, LAZARO MERLOS, SANTOS NAJARRO, MIGUEL REYNOSA, EBER ROCAEL LOPEZ, ALEJANDRO RODRIGUEZ, JOSE SALES, EDGAR SANABRIA ORELLANA, EDGAR ANTONIO SANABRIA AREBALO, OVEL TORRES RODAS, RAFAEL VARELA, ARNALDO VASQUEZ, And CATALINO ZEPEDA RIVERA, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| | ) Civil Case No. _____ |
| c/o CASA of Maryland, Inc., 734 East University Boulevard Silver Spring, Maryland 20903, | ) ) ) ) |
| on behalf of themselves and all employees or former employees of Defendants who consent to representation pursuant to 29 U.S.C. §216(b), | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| MIGUEL CANALES, Individually and doing business as MFC GENERAL CONTRACTORS, INC., a forfeited corporation, 960 Ridge Road Mount Airy, Maryland 21771, | ) ) ) ) ) ) ) |

1

|                                                      |   |
|------------------------------------------------------|---|
| And                                                  | ) |
|                                                      | ) |
| FREDIS FERMIN CANALES,                               | ) |
| Individually and doing business as                   | ) |
| MFC GENERAL CONTRACTORS, INC.,                       | ) |
| a forfeited corporation,                             | ) |
| 960 Ridge Road                                       | ) |
| Mount Airy, Maryland 21771,                          | ) |
|                                                      | ) |
| And                                                  | ) |
|                                                      | ) |
| ALICIA CANALES                                       | ) |
| Individually and doing business as                   | ) |
| MFC GENERAL CONTRACTORS, INC.,                       | ) |
| a forfeited corporation,                             | ) |
| 960 Ridge Road                                       | ) |
| Mount Airy, Maryland 21771.                          | ) |
|                                                      | ) |
| Defendants.                                          | ) |
|                                                      | ) |

## COMPLAINT

**Violation of the Fair Labor Standards Act**
**Violation of the Maryland Wage Payment and Collection Law**
**Violation of the Maryland Wage and Hour Law**
**Breach of Contract**

1. Plaintiffs are thirty-five day laborers and immigrant workers who were recruited by the Defendants, or their agents, in Maryland to perform debris removal and cleaning work in and around Biloxi and Bay Saint Louis, Mississippi, as part of the post-Katrina Hurricane reconstruction.

2. In reliance on Defendants' offers of employment, the Plaintiffs traveled from Maryland to Mississippi, where they worked during different periods from September 6, 2005 through October 22, 2005, and typically worked between 8 and 12 hours per day, seven days per week.

3.  Once in Mississippi, the Plaintiffs worked at casino and gaming resorts, where their labor included, without limitation, removing rotten food from commercial freezers and kitchens, removing damaged drywall, cleaning floors and carpets, salvaging or disposing of furniture and casino machines, removing mud and debris, and general cleaning.

4.  While some Plaintiffs received no wages from the Defendants, twenty-three Plaintiffs received checks totaling $45,984.00, as partial payment for their earned wages, drawn on the BBT checking account of MFC General Contractors, Inc., and signed by Defendants, which were returned unpaid with the notation that payment had been refused due to insufficient funds in the Defendants' checking account.

5.  After multiple attempts to collect their earned wages in the amount of $99,015.00, Plaintiffs now file this civil lawsuit against Defendants, jointly and severally, for unpaid wages, unpaid minimum wages, unpaid overtime compensation, and breach of contract.  Plaintiffs seek actual, compensatory, statutory, liquidated, and punitive damages, attorney's fees, costs, and other appropriate relief, pursuant to the Fair Labor Standards Act of 1938 as amended, 29 U.S.C. § 201 *et seq.*, (*hereinafter* "FLSA"); the Maryland Wage Payment and Collection Law, MD. CODE ANN., LAB. & EMP. §§ 3-501 – 3-507.1, (*hereinafter* "MWPCL"); the Maryland Wage and Hour Law, MD. CODE ANN., LAB. & EMP. § 3-401 *et seq.*, (*hereinafter* "MWHL"); and pursuant to their claims for breach of contract.

## PARTIES

3

6. Plaintiff Jose Marroquin (*hereinafter* "Marroquin") is an adult resident of the State of Maryland. Marroquin was employed by Defendants as a laborer from mid-September through late October 2005.

7. Plaintiff Faustino Almaras (*hereinafter* "Almaras") is an adult resident of the State of Maryland. Almaras was employed by Defendants as a laborer from mid-September through mid-October 2005.

8. Plaintiff Angel Arebalo (*hereinafter* "A. Arebalo") is an adult resident of the State of Maryland. Arebalo was employed by Defendants as a laborer from early September through early October 2005.

9. Plaintiff Juan Arebalo (*hereinafter* "J. Arebalo") is an adult resident of the State of Maryland. Arebalo was employed by Defendants as a laborer from early September through early October 2005.

10. Plaintiff Oracio Arebalo (*hereinafter* "O. Arebalo") is an adult resident of the State of Maryland.  Arebalo was employed by Defendants as a laborer from early September through early October 2005.

11. Plaintiff Roel Arebalo (*hereinafter* "R. Arebalo") is an adult resident of the State of Maryland. Arebalo was employed by Defendants as a laborer from early September through early October 2005.

12. Plaintiff Manuel Campos (*hereinafter* "Campos") is an adult resident of the State of Maryland. Campos was employed by Defendants as a laborer from approximately late September through late October 2005.

13. Plaintiff Santos Chiroy (*hereinafter* "Chiroy") is an adult resident of the State of Maryland. Chiroy was employed by Defendants as a laborer from early September through early October 2005.

14. Plaintiff Jose Cubillas (*hereinafter* "Cubillas") is an adult resident of the State of Maryland. Cubillas was employed by Defendants as a laborer from approximately mid-September through late October 2005.

15. Plaintiff Felipe Flores (*hereinafter* "Flores") is an adult resident of the State of Maryland.  Flores was employed by Defendants as a laborer from mid-September through late October 2005.

16. Plaintiff Rafael Galindo (*hereinafter* "Galindo") is an adult resident of the State of Maryland. Galindo was employed by Defendants as a laborer from early September through late September 2005.

17. Plaintiff Mateo Garcia (*hereinafter* "Garcia") is an adult resident of the State of Maryland. Garcia was employed by Defendants as a laborer from mid-October to late October 2005.

18. Plaintiff Francisco Gomez Aguilar (*hereinafter* "F. Gomez") is an adult resident of the State of Maryland.  F. Gomez was employed by Defendants as a laborer from mid-September through late October 2005.

19. Plaintiff Jose Gomez Sanchez (*hereinafter* "J. Gomez") is an adult resident of the State of Maryland. J. Gomez was employed by Defendants as a laborer from mid-September through late October 2005.

20. Plaintiff Satornino Hernandez (*hereinafter* "Hernandez") is an adult resident of the State of Maryland. Hernandez was employed by Defendants as a laborer from mid-September through late October 2005.

21. Plaintiff Mateo Hernandez Lopez (*hereinafter* "M. Lopez") is an adult resident of the State of Maryland. M. Lopez was employed by Defendants as a laborer from mid-September through late October 2005.

22. Plaintiff Felipe Roberto Hernandez Perez (*hereinafter* "F. Hernandez") is an adult resident of the State of Maryland. F. Hernandez was employed by Defendants as a laborer from mid-September through late October 2005.

23. Plaintiff Jorge Laredo Ruiz (*hereinafter* "Laredo") is an adult who currently resides in Mexico. Laredo was employed by Defendants as a laborer from mid-September through late October 2005.

24. Plaintiff Wilmer Leiva (*hereinafter* "Leiva") is an adult resident of the State of Maryland. Leiva was employed by Defendants as a laborer from approximately early October through late October 2005.

25. Plaintiff Francisco Luna (*hereinafter* "Luna") is an adult resident of the State of Maryland. Luna was employed by Defendants as a laborer from early October through late October 2005.

26. Plaintiff Lucas Mazariegos Lopez (*hereinafter* "Mazariegos") is an adult resident of the State of Maryland. Mazariegos was employed by Defendants as a laborer from mid-September through late October 2005.

27. Plaintiff Jose Luis Melendez Tubac (*hereinafter* "Melendez") is an adult resident of the State of Maryland. Melendez was employed by Defendants as a laborer from early October through late October 2005.

28. Plaintiff Esteban Mendoza Santiago (*hereinafter* "Mendoza") is an adult resident of the State of Maryland.  Mendoza was employed by Defendants as a laborer from mid-September through late October 2005.

29. Plaintiff Lazaro Merlos (*hereinafter* "Merlos") is an adult resident of the State of Maryland. Merlos was employed by Defendants as a laborer from approximately mid-September through early October 2005.

30. Plaintiff Santos Najarro (*hereinafter* "Najarro") is an adult resident of the State of Maryland. Najarro was employed by Defendants as a laborer from mid-September through late October 2005.

31. Plaintiff Miguel Reynosa (*hereinafter* "Reynosa") is an adult resident of the State of Maryland. Reynosa was employed by Defendants as a laborer from approximately mid-September through early October 2005.

32. Plaintiff Eber Rocael Lopez (*hereinafter* "E. Rocael") is an adult resident of the State of Maryland.  E. Rocael was employed by Defendants as a laborer from early September through early October 2005.

33. Plaintiff Alejandro Rodriguez (*hereinafter* "Rodriguez") is an adult resident of the State of Maryland.  Rodriguez was employed by Defendants as a laborer from approximately late September through late October 2005.

34. Plaintiff Jose Sales (*hereinafter* "Sales") is an adult resident of the State of Maryland.  Sales was employed by Defendants as a laborer from early September through early October 2005.

35. Plaintiff Edgar Antonio Sanabria Arebalo (*hereinafter* "E. Sanabria") is an adult resident of the State of Maryland.  E. Sanabria was employed by Defendants as a laborer from mid-September through early October 2005.

36. Plaintiff Edgar Sanabria Orellana (*hereinafter* "E. Sanabria") is an adult resident of the State of Maryland. E. Sanabria was employed by Defendants as a laborer from mid-September through early October 2005.

37. Plaintiff Ovel Torres Rodas (*hereinafter* "Torres") is an adult resident of the State of Maryland. Torres was employed by Defendants as a laborer from mid-September through late October 2005.

38. Plaintiff Rafael Varela (*hereinafter* "Varela") is an adult resident of the State of Maryland. Varela was employed by Defendants as a laborer from mid-September through early October 2005.

39. Plaintiff Arnaldo Vasquez (*hereinafter* "Vasquez") is an adult resident of the State of Maryland. Vasquez was employed by Defendants as a laborer from early October through late October 2005.

40. Plaintiff Catalino Zepeda Rivero (*hereinafter* "Zepeda") is an adult resident of the State of Maryland. Zepeda was employed by Defendants as a laborer from mid-September through late October 2005.

41. Defendant Miguel Canales (*hereinafter* "M. Canales") is an adult resident of the State of Maryland.

42. Defendant Fredis Fermin Canales (*hereinafter* "F. Canales") is an adult resident of the State of Maryland.

43. Defendant Alicia Canales (*hereinafter* "A. Canales") is an adult resident of the State of Maryland.

## JURISDICTION AND VENUE

44. This Court has jurisdiction pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337 because this action arises under the laws of the United States and the Acts of Congress regulating commerce.

45. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiffs' state law claims because those claims arise from a common set of operative facts and are so related to the claims in the action within the original jurisdiction of the Court that they form part of the same case or controversy.

46. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants reside in Howard County, Maryland and a substantial part of the wrongful conduct committed by Defendants which forms the basis of this action took place within this judicial district.

## FACTUAL ALLEGATIONS

47. From on or about September 5, 2005 until on or about October 6, 2005, Defendants, or their agents, recruited Plaintiffs from various popular day labor hiring sites in Prince George's County, Maryland and by telephone.

48. During this recruitment process, Defendants, or their agents, offered to employ the Plaintiffs for approximately six to eight months in the Mississippi region, performing demolition and clean-up work in the aftermath of Hurricane Katrina.

49. Defendants, or their agents, offered to pay Plaintiffs $10.00 an hour for this work and to provide Plaintiffs with transportation, housing, and two meals per day, for no additional charge.

50. Each Plaintiff accepted Defendants' offer, forming an employment contract between each Plaintiff and Defendants.

51. During the time relevant to this action, Defendants were the employers or joint employers of the Plaintiffs in that they, *inter alia*, held or implemented the power to hire and fire the Plaintiffs, control the Plaintiffs' work performance, assign tasks and supervise the Plaintiffs' work performance, were responsible for paying the Plaintiffs' wages, and received the benefit of the Plaintiffs' labor.

52. Beginning on or about September 5, 2005, Defendants began to transport Plaintiffs from Prince George's County, Maryland to the Mississippi region, with the exception of Plaintiff Sales, whom Defendant M. Canales transported from a jobsite in North Carolina to Mississippi.

53. During the next five weeks, Defendants continued to transport groups of workers from Maryland to the Mississippi region.

54. Beginning on or about September 6, 2005, Plaintiffs performed work for Defendants in various worksites, including Casino Magic in Bay Saint Louis, Mississippi, and a casino in Biloxi, Mississippi.

55. This work included shoveling mud, removing rotten food from hotel and casino kitchens, removal of debris, demolition of sheetrock and drywall, cleaning floors, vacuuming carpets, disinfecting commercial refrigerators, freezers, and ovens,

salvaging furniture and gambling machines that had not been destroyed during Hurricane Katrina, and general cleaning.

56. During all times relevant to this action, Plaintiffs were lodged in overcrowded apartments in Mobile, Alabama, and in tents and trailers in Bay Saint Louis, Mississippi.

57. One group of Plaintiffs were lodged in Mobile, Alabama and were divided in groups to work in either Biloxi or Bay Saint Louis, Mississippi, or both.

58. The Plaintiffs who traveled to Biloxi, Mississippi to work spent approximately two and a half hours per day in transit to and from the work site.

59. The workday in Biloxi was approximately nine hours long.

60. The Plaintiffs who traveled to Bay Saint Louis, Mississippi to work spent approximately three and a half hours per day in transit to and from the work site.

61. The workday in Bay Saint Louis for the workers who were lodged in Mobile, Alabama was approximately ten and a half hours long.

62. The Plaintiffs who were lodged in tents and trailers in Bay Saint Louis, Mississippi lived adjacent to the worksite.

63. The workday in Bay Saint Louis for these Plaintiffs was approximately eleven to twelve hours per day.

64. Plaintiffs worked seven days per week, regardless of where they were lodged or where they worked.

65. Each Plaintiff worked between 12 and 42 days on the Defendants' behalf.

66. For this work, each Plaintiff earned wages in the amount of $1,580.00 to $5,410.00, which, to date, the Defendants have failed and refused to pay despite repeated requests to do so.

67. Thirteen Plaintiffs received no wages.

68. In addition, the Defendants issued to Plaintiffs twenty-three checks totaling $45,984.00, as partial payment for their earned wages, drawn on the BBT checking account of MFC General Contractors, Inc., and signed by Defendants, which were returned unpaid with the notation that payment had been refused due to insufficient funds in the Defendants' checking account.

69. To date, the Defendants have failed and refused to replace the dishonored checks or to otherwise pay the Plaintiffs' earned wages.

70. Each Plaintiff is owed wages in the amounts between $660.00 and $5,210.00 each, leaving a balance due of $99,015.00.

71. In performing their duties on Defendants' behalf, Plaintiffs handled goods that had been produced for and transported in commerce.

72. More than two weeks have passed since the Plaintiffs earned their wages and their employment by Defendants terminated.

73. Defendants' acts and omissions as described this Complaint are willful, unreasonable, intentional, and not the result of a bona fide dispute.

## COUNT 1
### Fair Labor Standards Act

74. Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 73 herein.

75. At all times relevant to this action, Plaintiffs were employed by the Defendants within the meaning of the FLSA, as amended and have been entitled to the rights, protections and benefits provided under the FLSA.

76. Defendants violated 29 U.S.C. § 206 by failing to pay each Plaintiff at least the minimum wage for every hour worked.

77. At all times relevant to this action, plaintiffs worked in excess of the hourly levels specified in the FLSA, 29 U.S.C. § 207.  Defendants violated 29 U.S.C. § 207 by failing to pay Plaintiffs overtime compensation rate of at least 1.5 times their regular rate of pay for every hour worked in excess of forty hours per week.

78. Defendants' wrongful acts and omissions as alleged herein were willful, knowing, unreasonable, purposeful, and intentional.

79. The employment and work records for Plaintiffs are in the exclusive possession, custody and control of Defendants, and Plaintiffs are unable to state at this time the exact amounts due and owing to each of them.  Defendants are under an obligation imposed by FLSA, 29 U.S.C. § 211(c), and the regulations of the United States Department of Labor to maintain and preserve payroll and other employment records with respect to Plaintiffs and other employees similarly situated from which the amounts of Defendants' liability under the FLSA can be ascertained.

## COUNT 2
## Maryland Wage and Hour Law

80. Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 73 herein.

81. Defendants violated § 3-413 of the MWHL in that they failed to pay Plaintiffs the minimum wage for every hour worked.

82. Defendants violated § 3-415 of the MWHL in that they failed to pay Plaintiffs at least 1.5 times their usual hourly rate for all hours worked in excess of 40 per week.

## COUNT 3
## Maryland Wage Payment and Collection Law

83. Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 73 herein.

84. Defendants failed and refused to pay Plaintiffs at regular intervals, failed and refused to provide Plaintiffs with appropriate and required notices of gross pay and deductions, and failed and refused to pay all compensation due and owing in violation of § 3-502, § 3-504 and § 3-505 of the Maryland Wage Payment Law.

85. Defendants' nonpayment of wages is not the result of a bona fide dispute between Defendants and Plaintiffs.

## COUNT 4
## Breach of Contract

86. Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 73 herein.

87. Defendants entered into employment contracts with Plaintiffs by promising Plaintiffs employment at certain rates of pay for work performed.

88. Defendants breached the contract of employment into which they entered with Plaintiffs by failing to pay Plaintiffs for the work they performed at the promised rates of pay.

89. Plaintiffs have suffered economic damage as a result of the Defendants' actions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter an order, jointly and severally against all Defendants on Counts 1 through 4:

(1)    Granting judgment in favor of Plaintiffs against Defendants for nonpayment of minimum wage and overtime under Count I and awarding Plaintiffs the unpaid minimum wage and overtime and an equal amount in liquidated damages, for a total of $146,626.00, as authorized by 29 U.S.C. § 216;

(2)    Granting judgment in favor of Plaintiffs against Defendants for nonpayment of overtime and wages due under Counts 2 and 3 and awarding Plaintiffs three times those unpaid wages, for a total of $297,045.00, as authorized by § 3-507.1(b) of the Maryland Wage Payment and Collection Law;

(3)    Granting judgment in favor of Plaintiffs against Defendants for breach of contract and awarding Plaintiffs their unpaid promised wages under Count 4;

(4)    Awarding Plaintiffs the costs of this action;

(5)    Awarding counsel reasonable attorneys' fees; and

(6)    Granting such further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

WHEREFORE Plaintiffs demand a trial by jury on all counts contained herein.

Respectfully submitted,


CASA OF MARYLAND, INC.


by: W. Steven Smitson, Esq.
Federal Bar # 012811
734 East University Blvd.
Silver Spring, MD 20903
(301) 431-4185, ext. 217

*Counsel for Plaintiffs*