**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND, SOUTHERN DIVISION**

_____ )
                                  )
JOSE MARROQUIN, FAUSTINO ALMARAS, )
ANGEL AREBALO, JUAN AREBALO, )
ORACIO AREBALO, ROEL AREBALO, )
MANUEL CAMPOS, SANTOS CHIROY, )
JOSE CUBILLAS, FELIPE FLORES, )
RAFAEL GALINDO, MATEO GARCIA, )
FRANCISCO GOMEZ AGUILAR, )
FRANCISCO LOPEZ, MATEO )
HERNANDEZ LOPEZ, )
FELIPE ROBERTO HERNANDEZ PEREZ, )
SATORNINO HERNANDEZ, ) Civil Case No. 05-cv-3393 (CCB)
JORGE LAREDO RUIZ, WILMARK LEIVA, )
FRANCISCO LUNA, )
LUCAS MAZARIEGOS LOPEZ, )
JOSE LUIS MELENDEZ TUBAC, )
GABINO MENDES, )
ESTEBAN MENDOZA SANTIAGO, )
LAZARO MERLOS, SANTOS NAJARRO, )
MIGUEL REYNOSA, EBER ROCAEL LOPEZ, )
ALEJANDRO RODRIGUEZ, CARLOS )
RODRIGUEZ, JOSE SALES, )
EDGAR SANABRIA ORELLANA, )
EDGAR ANTONIO SANABRIA AREBALO, )
OVEL TORRES RODAS, RAFAEL VARELA, )
ARNALDO VASQUEZ, and )
CATALINO ZEPEDA RIVERA, )
                                  )
c/o CASA of Maryland, Inc., )
734 East University Boulevard )
Silver Spring, Maryland 20903, )
                                  )
on behalf of themselves and all similarly situated )
employees or former employees of Defendants )
who consent to representation pursuant to )
29 U.S.C. §216(b), )
                                  )
                        Plaintiffs, )
            v. )
                                    )
MIGUEL CANALES, )
Individually and doing business as )

1

MFC GENERAL CONTRACTORS, INC.,            )
a forfeited corporation,                  )
960 Ridge Road                            )
Mount Airy, Maryland 21771,               )
                                          )
And                                       )
                                          )
FREDIS FERMIN CANALES,                    )
Individually and doing business as        )
MFC GENERAL CONTRACTORS, INC.,            )
a forfeited corporation,                  )
960 Ridge Road                            )
Mount Airy, Maryland 21771,               )
                                          )
And                                       )
                                          )
ALICIA CANALES,                           )
Individually and doing business as        )
MFC GENERAL CONTRACTORS, INC.,            )
a forfeited corporation,                  )
960 Ridge Road                            )
Mount Airy, Maryland 21771,               )
                                          **)**
**And**                                   **)**
                                          **)**
**UNLIMITED RESTORATION**                 **)**
**SPECIALISTS, INC., d/b/a**              **)**
**UNLIMITED RESTORATION, INC.**           **)**
**3521 E. Federal Street**               ———**)**
**Baltimore, MD 21213,**                  )
                                          )
              Defendants.                 )
_____    )

## PLAINTIFFS' ~~FIRST~~ SECOND AMENDED COMPLAINT[1]

Violation of the Fair Labor Standards Act
Violation of the Maryland Wage Payment and Collection Law
Violation of the Maryland Wage and Hour Law
Breach of Contract

---

[1] Additions to this Second Amended Complaint are noted herein in boldface type; deletions from the First Amended Complaint are noted in strikethrough text. Portions of the First Amended Complaint that initially appeared in boldface type have been un-bolded, where necessary, to reflect modifications. Paragraph numbers from the First Amended Complaint are indicated in strikethrough text at the beginning of each paragraph.

2

## Introduction

On December 20, 2005, ~~thirty-five~~ Plaintiffs filed this lawsuit alleging that Defendants, as their employers, failed to pay their earned wages in the amount of $99,015.00.[2]  Pursuant to the Maryland Wage Payment and Collection Law, MD. CODE ANN., LAB. & EMP. §§ 3-501 – 3-507.1 (*hereinafter "*MWPCL"), and the Maryland Wage and Hour Law, MD. CODE ANN., LAB. & EMP. § 3-401 *et seq.* (*hereinafter* "MWHL"), Plaintiffs ~~sought~~ **seek** wages and damages in the amount of $297,045.00. Pursuant to the Fair Labor Standards Act of 1938 as amended, 29 U.S.C. § 201 *et seq.*, (*hereinafter* "FLSA"), Plaintiffs ~~sought~~ **seek** wages and damages in the amount of $146,626.00.

~~Subsequent to the filing of this lawsuit, Plaintiffs received payment of $36,947.00.00 from Defendants, reducing their claims for damages under the MWPCL, MWHL, and FLSA.~~ Plaintiffs now file this ~~First~~ **Second** Amended Complaint to ~~(1) add three additional Plaintiffs to the lawsuit; (2) dismiss one Plaintiff from the lawsuit; (3) clarify Plaintiffs' claims and factual allegations, including that Defendants failed to pay Plaintiffs for time engaged to wait; (4) add additional claims for unpaid wages pursuant to the MWPCL, MWHL, and FLSA for Plaintiff Jose Sales; and (5) credit Defendants for payment of $36,947.00, which reduces Plaintiffs' adjusted claims to $295,303.00 pursuant to the MWPCL and MWHL, and to $103,837.20 pursuant to the FLSA~~ **add**

---

[2] **At the time Plaintiffs filed their initial claim, they collectively alleged that Defendants had failed to pay their wages in the amount of $99,015.00.  With the modifications included in the First Amended Complaint, that amount increased to $110,750.00.  The increase represented:  (1) the addition of three Plaintiffs; (2) the removal of one Plaintiff; (3) additional claims by Jose Sales against Defendants for unpaid wages totaling $2,400.00; (4) a correction in the amount of wages owed to Jose Luis Melendez Tubac; and (5) on-call time in which 23 Plaintiffs were engaged to wait between two and four days at the end of their employment by Defendants in Mississippi.**

**Unlimited Restoration Specialists, Inc., d/b/a Unlimited Restoration, Inc., as a party Defendant.**

1.  Plaintiffs are thirty-seven day laborers and immigrant workers who were recruited by Defendants, or their agents, in Maryland to perform debris removal and cleaning work in and around Biloxi, Mississippi.; Bay Saint Louis, Mississippi.; and Louisiana as part of the post-Katrina Hurricane reconstruction.

2.  In reliance on Defendants' offers of employment, Plaintiffs traveled from Maryland to Mississippi and Louisiana, where they worked during different periods from approximately September 6, 2005 through on or about October 23, 2005, and typically worked between 8 and 12 hours per day, seven days per week.

3.  Once in Mississippi and Louisiana, Plaintiffs worked at **sites including** casino and gaming resorts, where their labor included, without limitation, removing rotten food from commercial freezers and kitchens, removing damaged drywall, cleaning floors and carpets, salvaging or disposing of furniture and casino machines, removing mud and debris, and general cleaning.

4.  While some Plaintiffs received no wages from Defendants, twenty-five Plaintiffs received checks totaling $52,166.00, as partial payment for their earned wages, drawn on the BB&T checking account of MFC General Contractors, Inc., and signed by Defendants, which were returned unpaid with the notation that payment had been refused due to insufficient funds in the Defendants' checking account. **Subsequent to the filing of this lawsuit, Plaintiffs received payment of $36,947.00 from Defendants M. Canales, F. Canales and A. Canales.**

5. After multiple attempts to collect their earned unpaid wages ~~in the amount of~~ ~~$99,015.00,~~[3] Plaintiffs filed this civil lawsuit against Defendants, jointly and severally, for unpaid wages, unpaid minimum wages, unpaid overtime compensation, and breach of contract. ~~Plaintiffs now file this First Amended Complaint to: (1) add three additional Plaintiffs to the lawsuit; (2) dismiss one Plaintiff from the lawsuit; (3) clarify Plaintiffs' claims and factual allegations, including that Defendants failed to pay Plaintiffs for time engaged to wait; (4) add additional claims for unpaid wages pursuant to the MWPCL, MWHL, and FLSA for Plaintiff Jose Sales; and (5) credit Defendants for payment of $36,947.00, which reduces Plaintiffs' claims to $295,303.00 pursuant to the MWPCL and MWHL, and to $103,837.20 pursuant to the FLSA.~~ Plaintiffs seek actual, compensatory, statutory, liquidated, and punitive damages, attorney's fees, costs, and other appropriate relief, pursuant to the MWPCL, MWHL, FLSA, and claims for breach of contract.

## PARTIES

6. Plaintiff Jose Marroquin (*hereinafter* "Marroquin") is an adult resident of the State of Maryland. Marroquin was employed by Defendants as a laborer from mid-September through late October 2005.

---

[3] ~~At the time Plaintiffs filed their initial claim, they collectively alleged that Defendants had failed to pay their wages in the amount of $99,015.00. With the modifications included in this First Amended Complaint, this amount now increases to $110,750.00. This increase represents: (1) the addition of three Plaintiffs; (2) the removal of one Plaintiff; (3) additional claims by Jose Sales against Defendants for unpaid wages totaling $2,400.00; (4) a correction in the amount of wages owed to Jose Luis Melendez Tubac; and (5) on-call time in which 23 Plaintiffs were engaged to wait between two and four days at the end of their employment by Defendants in Mississippi.~~

7.  Plaintiff Faustino Almaras (*hereinafter* "Almaras") is an adult resident of the State of Maryland. Almaras was employed by Defendants as a laborer from mid-September through mid-October 2005.

8.  Plaintiff Angel Arebalo (*hereinafter* "A. Arebalo") is an adult resident of the State of Maryland. Arebalo was employed by Defendants as a laborer from early September through early October 2005.

9.  Plaintiff Juan Arebalo (*hereinafter* "J. Arebalo") is an adult resident of the State of Maryland. Arebalo was employed by Defendants as a laborer from early September through early October 2005.

10. Plaintiff Oracio Arebalo (*hereinafter* "O. Arebalo") is an adult resident of the State of Maryland.  Arebalo was employed by Defendants as a laborer from early September through early October 2005.

11. Plaintiff Roel Arebalo (*hereinafter* "R. Arebalo") is an adult resident of the State of Maryland. Arebalo was employed by Defendants as a laborer from early September through early October 2005.

12. Plaintiff Manuel Campos (*hereinafter* "Campos") is an adult resident of the State of Maryland. Campos was employed by Defendants as a laborer from mid-September through mid-October 2005.

13. Plaintiff Santos Chiroy (*hereinafter* "Chiroy") is an adult resident of the State of Maryland. Chiroy was employed by Defendants as a laborer from early September through early October 2005.

14. Plaintiff Jose Cubillas (*hereinafter* "Cubillas") is an adult resident of the State of Maryland. Cubillas was employed by Defendants as a laborer from mid-September through late October 2005.

15. Plaintiff Felipe Flores (*hereinafter* "Flores") is an adult resident of the State of Maryland.  Flores was employed by Defendants as a laborer from mid-September through late October 2005.

16. Plaintiff Rafael Galindo (*hereinafter* "Galindo") is an adult resident of the State of Maryland. Galindo was employed by Defendants as a laborer from early September through late September 2005.

17. Plaintiff Mateo Garcia (*hereinafter* "Garcia") is an adult resident of the State of Maryland. Garcia was employed by Defendants as a laborer from mid-October to late October 2005.

18. Plaintiff Francisco Gomez Aguilar (*hereinafter* "F. Gomez") is an adult resident of the State of Maryland.  F. Gomez was employed by Defendants as a laborer from mid-September through late October 2005.

19. Plaintiff Satornino Hernandez (*hereinafter* "Hernandez") is an adult resident of the State of Maryland.  Hernandez was employed by Defendants as a laborer from mid-September through late October 2005.

20. Plaintiff Mateo Hernandez Lopez (*hereinafter* "M. Lopez") is an adult resident of the State of Maryland.  M. Lopez was employed by Defendants as a laborer from mid-September through late October 2005.

21. Plaintiff Felipe Roberto Hernandez Perez (*hereinafter* "F. Hernandez") is an adult resident of the State of Maryland.  F. Hernandez was employed by Defendants as a laborer from mid-September through late October 2005.

22. Plaintiff Jorge Laredo Ruiz (*hereinafter* "Laredo") is an adult who currently resides in Mexico. Laredo was employed by Defendants as a laborer from mid-September through late October 2005.

23. Plaintiff Wilmark Leiva (*hereinafter* "Leiva") is an adult resident of the State of Maryland. Leiva was employed by Defendants as a laborer from mid-October through late October 2005.

24. Plaintiff Francisco Luna (*hereinafter* "Luna") is an adult resident of the State of Maryland.  Luna was employed by Defendants as a laborer from early October through late October 2005.

25. Plaintiff Lucas Mazariegos Lopez (*hereinafter* "Mazariegos") is an adult resident of the State of Maryland. Mazariegos was employed by Defendants as a laborer from mid-September through late October 2005.

26. Plaintiff Jose Luis Melendez Tubac (*hereinafter* "Melendez") is an adult resident of the State of Maryland. Melendez was employed by Defendants as a laborer from early September through late September 2005.

27. Plaintiff Esteban Mendoza Santiago (*hereinafter* "Mendoza") is an adult resident of the State of Maryland.  Mendoza was employed by Defendants as a laborer from mid-September through late October 2005.

28. Plaintiff Lazaro Merlos (*hereinafter* "Merlos") is an adult resident of the State of Maryland. Merlos was employed by Defendants as a laborer from approximately mid-September through early October 2005.

29. Plaintiff Santos Najarro (*hereinafter* "Najarro") is an adult resident of the State of Maryland. Najarro was employed by Defendants as a laborer from mid-September through late October 2005.

30. Plaintiff Miguel Reynosa (*hereinafter* "Reynosa") is an adult resident of the State of Maryland. Reynosa was employed by Defendants as a laborer from approximately mid-September through early October 2005.

31. Plaintiff Eber Rocael Lopez (*hereinafter* "E. Rocael") is an adult resident of the State of Maryland.  E. Rocael was employed by Defendants as a laborer from early September through early October 2005.

32. Plaintiff Alejandro Rodriguez (*hereinafter* "A. Rodriguez") is an adult resident of the State of Maryland.  A. Rodriguez was employed by Defendants as a laborer from mid-September through mid-October 2005.

33. Plaintiff Jose Sales (*hereinafter* "Sales") is an adult resident of the State of Maryland.  Sales was employed by Defendants **M. Canales, F. Canales, or A. Canales, or their agents, as a laborer from July 2005 through September 2005. Sales was employed by all Defendants** as a laborer from early September through early October 2005.

34. Plaintiff Edgar Antonio Sanabria Arebalo (*hereinafter* "E. Sanabria") is an adult resident of the State of Maryland.  E. Sanabria was employed by Defendants as a laborer from mid-September through early October 2005.

35. Plaintiff Edgar Sanabria Orellana (*hereinafter* "Sanabria") is an adult resident of the State of Maryland. Sanabria was employed by Defendants as a laborer from mid-September through early October 2005.

36. Plaintiff Ovel Torres Rodas (*hereinafter* "Torres") is an adult resident of the State of Maryland. Torres was employed by Defendants as a laborer from mid-September through late October 2005.

37. Plaintiff Rafael Varela (*hereinafter* "Varela") is an adult resident of the State of Maryland. Varela was employed by Defendants as a laborer from mid-September through early October 2005.

38. Plaintiff Arnaldo Vasquez (*hereinafter* "Vasquez") is an adult resident of the State of Maryland. Vasquez was employed by Defendants as a laborer from early October through late October 2005.

39. Plaintiff Catalino Zepeda Rivera (*hereinafter* "Zepeda") is an adult resident of the State of Maryland. Zepeda was employed by Defendants as a laborer from mid-September through late October 2005.

40. Plaintiff Francisco Lopez (*hereinafter* "F. Lopez") is an adult resident of the State of Maryland.  F. Lopez was employed by Defendants as a laborer from mid-September through late October 2005.

41. Plaintiff Gabino Mendes (*hereinafter* "Mendes") is an adult resident of the State of Maryland.  Mendes was employed by Defendants as a laborer from mid-September through late September 2005.

42. Plaintiff Carlos Rodriguez (*hereinafter* "C. Rodriguez") is an adult resident of the State of Maryland.  C. Rodriguez was employed by Defendants as a laborer from approximately mid-September through late October 2005.

43. Defendant Miguel Canales (*hereinafter* "M. Canales") is an adult resident of the State of Maryland.

44. Defendant Fredis Fermin Canales (*hereinafter* "F. Canales") is an adult resident of the State of Maryland.

45. Defendant Alicia Canales (*hereinafter* "A. Canales") is an adult resident of the State of Maryland.

46. At all times relevant to this action, M. Canales, F. Canales, and A. Canales were owners, agents, or principals of MFC General Contractors, Inc., a forfeited Maryland corporation.

47. **Defendant Unlimited Restoration Specialists, Inc., doing business as Unlimited Restoration, Inc. (*hereinafter* "URI") is a Maryland corporation with its principal places of business in Pottstown, Pennsylvania and Baltimore, Maryland.  URI is a privately held corporation in the business of providing commercial and industrial disaster recovery.**

48. ~~[47.]~~At all times relevant to this action, Defendants were the employers or joint employers of Plaintiffs as defined by the MWHL, MWPCL, and FLSA.  MD. Code Ann., Lab. & Emp. §§ 3-101(c), 3-401(b), 3-501(b); 29 U.S.C. § 203(d), (g).

## **JURISDICTION AND VENUE**

49. [48.]This Court has jurisdiction pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337 because this action arises under the laws of the United States and the Acts of Congress regulating commerce.

50. [49.]Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiffs' state law claims because those claims arise from a common set of operative facts and are so related to the claims in the action within the original jurisdiction of the Court that they form part of the same case or controversy.

51. [50.]Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants **M. Canales, F. Canales, and A. Canales** reside in Howard County, Maryland, **Defendant URI is a Maryland corporation,** and a substantial part of the wrongful conduct committed by Defendants which forms the basis of this action took place within this judicial district.

## FACTUAL ALLEGATIONS

A.  **Facts Common to All Plaintiffs**

52. **On or about the beginning of September 2005, immediately following Hurricane Katrina, Defendants M. Canales, F. Canales, and A. Canales (collectively "the Defendants Canales") entered into an agreement with Defendant URI whereby the Defendants Canales, as subcontractors, performed cleanup and recovery work in and around Biloxi, Mississippi and Bay Saint Louis, Mississippi on behalf of URI, as the general contractor.**

53. [51.]From on or about September 5, 2005, until on or about October 6, 2005, **the** ~~Defendants~~**Defendants Canales**, or their agents, recruited Plaintiffs from various

popular day labor hiring sites in Prince George's County, Maryland and by telephone.

54. [52.]During this recruitment process, **the** ~~Defendants~~**Defendants Canales**, or their agents, offered to employ Plaintiffs for approximately six to eight months in the Mississippi region, to perform demolition and clean-up work in the aftermath of Hurricane Katrina.

55. **[53.]The** ~~Defendants~~**Defendants Canales**, or their agents**,** offered to pay Plaintiffs $10.00 an hour for this work and to provide Plaintiffs, for no additional charge, with transportation, housing, and two meals per day.

56. **[54.]**Each Plaintiff accepted **the** ~~Defendants~~**Defendants Canales**' offer, forming an employment contract between each Plaintiff and Defendants.

57. **[55.]**Beginning on or about September 5, 2005, **the** ~~Defendants~~**Defendants Canales, or their agents,** began to transport Plaintiffs from Prince George's County, Maryland to the Mississippi region.

58. **Plaintiffs were transported from Maryland to Mississippi in vans owned or operated by Defendant URI, and which bore URI's name on the side of the vehicle.**

59. [56.]During the next five weeks, **the Defendants Canales**~~Defendants~~**, or their agents,** continued to transport groups of workers from Maryland to the Mississippi region.

60. **[57.]**Beginning on or about September 6, 2005, Plaintiffs performed work for Defendants at various worksites, including Casino Magic in Bay Saint Louis, Mississippi, and ~~a~~ **Boomtown C**~~c~~asino in Biloxi, Mississippi.

61. **At all times relevant to this action, URI personnel, identifiable by yellow hats bearing the logo "URI," were present on the job sites, acted as supervisors, and often gave instructions to Plaintiffs directly or through bilingual employees of the Defendants Canales.**

62. **On at least one occasion, a URI supervisor contradicted the directions given to Plaintiffs by an agent of the Defendants Canales.**

63. **On at least one occasion, Defendant F. Canales was observed wearing clothing bearing the logo "URI."**

64. **At all times relevant to this action, URI vehicles, identifiable by the logo "URI," were visible on the worksites and were driven by, or used to transport, URI personnel or agents of the Defendants Canales.**

65. [58.]This Plaintiffs' work included shoveling mud, removing rotten food from hotel and casino kitchens, removal of debris, demolition of sheetrock and drywall, cleaning floors, vacuuming carpets, disinfecting commercial refrigerators, freezers, and ovens, salvaging furniture and gambling machines that had not been destroyed during Hurricane Katrina, and general cleaning.

66. **At all times relevant to this action, Plaintiffs used tools owned by Defendant URI, which were distributed and collected by URI personnel and stored by URI personnel in trailers operated by URI.**

67. **At all times relevant to this action, Defendants required Plaintiffs to wear t-shirts that read "Unlimited Restoration, Inc." and "URI" on the front of the shirt.  URI personnel or their agents collected these shirts on a regular basis, and laundered and returned them to Plaintiffs.**

68. **At all times relevant to this action, URI personnel were present when attendance was taken each morning at each of the work sites.  These URI personnel provided Plaintiffs with instructions regarding the work to be done each day, and supervised Plaintiffs' progress throughout the day.**

69. **Based on the above facts and additional conversations and observations, Plaintiffs believed that they worked for Defendant URI.**

70. **Plaintiffs were often unable to distinguish between employees or agents of Defendant URI and employees or agents of the Defendants Canales.**

71. [59.]During all times relevant to this action, Plaintiffs were lodged in overcrowded apartments in Mobile, Alabama, and in tents and trailers in Bay Saint Louis, Mississippi.

72. [60.]One group of Plaintiffs was lodged in Mobile, Alabama and was divided in groups to work in either Biloxi or Bay Saint Louis, Mississippi, or both.

73. **Plaintiffs were transported from their lodging sites in Alabama to the worksites in vans that were owned or operated by Defendant URI, and which bore URI's name on the side of the vehicle.**

74. [61.]Plaintiffs who traveled to Biloxi, Mississippi to work spent approximately two and a half hours per day in transit to and from the work site.

75. [62.]The typical workday in Biloxi was approximately nine hours long.

76. [63.]Plaintiffs who traveled to Bay Saint Louis, Mississippi to work spent approximately three and a half hours per day in transit to and from the work site.

77. [64.]The workday in Bay Saint Louis for the workers who were lodged in Mobile, Alabama was approximately ten and a half hours long.

78. [65.]Plaintiffs who were lodged in tents and trailers in Bay Saint Louis, Mississippi lived adjacent to the worksite.

79. [66.]On at least one occasion, one or more Plaintiffs lodged in Bay Saint Louis traveled to Louisiana to perform cleaning work at a commercial telecommunications building on Defendants' behalf.

80. [67.]The typical workday in Bay Saint Louis for these Plaintiffs was approximately eleven to twelve hours per day.

81. [68.]During the time relevant to this action, each Plaintiff worked seven days per week.

82. [69.]Each Plaintiff worked between 12 and 42 days on Defendants' behalf.

83. [70.]In addition, from on or about October 22, 2005, through on or about October 26, 2005, twenty-three Plaintiffs remained on-call to perform work for Defendants for between two and four days each.

84. [71.]For the work described in this Complaint, each Plaintiff earned wages in the amount of $1,800.00 to $5,930.00, which, to date, Defendants have failed and refused to pay despite repeated requests to do so.

85. [72.]To date, six Plaintiffs have received no wages for work performed on behalf of Defendants.

86. [47.]In addition, between on or about October 8, 2005, and on or about October 27, 2005, **the** ~~Defendants~~**Defendants Canales** issued to Plaintiffs twenty-five checks totaling $52,166.00, as partial payment for their earned wages, drawn on the BB&T checking account of MFC General Contractors, Inc., and signed by ~~Defendants~~**the Defendants Canales**, which were returned unpaid with the notation that payment

16

had been refused due to insufficient funds in **Defendants Canales'** ~~Defendants'~~ **BB&T** checking account.

87. **On at least one occasion while Plaintiffs were working in Mississippi, URI personnel explained to Plaintiffs, in response to complaints regarding Defendants' failure to pay wages, that Defendant URI had transferred money to the Defendants Canales for the purpose of paying wages owed to Plaintiffs.**

88. ~~[74.]~~On January 10, 2006, **the** ~~Defendants~~**Defendants Canales** replaced sixteen of the dishonored checks, with payments totaling $36,947.00.

89. ~~[75.]~~To date, **the** ~~Defendants~~**Defendants Canales** have failed to replace or otherwise pay a total of seven dishonored checks described in paragraph ~~73~~86 of this Complaint, issued to Plaintiffs M. Lopez, A. Rodriguez, C. Rodriguez, Torres, Varela, Vasquez, and Zepeda, which total $15,219.00.

90. ~~[76.]~~To date, **the** ~~Defendants~~**Defendants Canales** have failed and refused to replace the remaining dishonored checks described above in paragraph 86, or to otherwise pay Plaintiffs' earned wages, despite repeated requests to do so.

91. **Upon information and belief, and therefore alleged, Defendant URI transferred monies to accounts held by the Defendants Canales for the express purpose of paying wages owed to Plaintiffs.**

92. ~~[77.]~~To date, each Plaintiff is owed wages in the amounts between $565.00 and $5,750.00 each, leaving a balance due of $71,363.00.

93. **Plaintiffs' labor resulted in the completion of tasks which were contracted to Defendant URI, and then subcontracted by URI to the Defendants Canales.**

94. [78.]In performing their duties on Defendants' behalf, Plaintiffs handled goods that had been produced for and transported in commerce.

95. **All Defendants received the benefits of Plaintiffs' labor.**

96. [79.]More than two weeks have passed since Plaintiffs earned their wages and their employment by Defendants terminated.

97. [80.]Defendants' acts and omissions as described **in** this Complaint are willful, unreasonable, intentional, and not the result of a bona fide dispute.

### II.**B. Facts Pertaining to Jose Sales**

98. **Plaintiff Sales incorporates by reference all factual allegations contained in paragraphs** 52 **through** 97.

99. [81.]On or about July 5, 2005, Sales met an agent or employee of Defendants **M. Canales, F. Canales, or A. Canales** at the McDonald's restaurant in Langley Park, Maryland.

100. [82.]During that meeting, the aforementioned agent or employee offered Sales employment doing demolition work.

101. [83.]For this work, the agent offered to pay Sales $10.00 per hour.

102. [84.]Sales accepted the offer, forming an employment contract with Defendants **M. Canales, F. Canales, or A. Canales.**

103. [85.]On or about July 5, 2005, when Sales began work for Defendants **M. Canales, F. Canales, or A. Canales**, his primary supervisor was Rony, an agent or employee of Defendants **M. Canales, F. Canales, or A. Canales.**

104.  [86.]The work Sales performed on behalf of Defendants **M. Canales, F. Canales, or A. Canales** included, *inter alia*, painting, drywall installation, carpet removal, demolition work, ceiling installation, and waste removal.

105.  [87.]From on or about July 27, 2005, through on or about September 2, 2005, Sales performed 301.5 hours of work for Defendants **M. Canales, F. Canales, or A. Canales,** or their agents, including 85 overtime hours, for which he earned $3,440.00.

106.  [88.]Sales performed the work described in paragraphs 104-10586-87, *supra*, in locations that included Boston, Massachusetts; Philadelphia, Pennsylvania; and North Carolina.

107.  [89.]To date, Defendants **M. Canales, F. Canales, or A. Canales** have paid Sales only $1,000.00 for the work described in paragraphs 104 **through** 105101 through102, leaving a balance due of $2,440.00.

108.  [90.]In addition to work performed in Mississippi, as described in paragraphs -1 through 8097 of this Complaint, Sales is owed wages of $2,440.00.

109.  [91.]More than two weeks have passed since Sales earned his wages and his employment by Defendants **M. Canales, F. Canales, or A. Canales, or their agents,** terminated.

110.  [92.]The acts and omissions of Defendants M. Canales, F. Canales, or A. Canales as described this Complaint are willful, unreasonable, intentional, and not the result of a bona fide dispute.

**COUNT 1**
**Fair Labor Standards Act**

111. [93.]Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 97 herein.

112. [94.]At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of the FLSA, as amended and have been entitled to the rights, protections and benefits provided under the FLSA.

113. [95.]Defendants violated 29 U.S.C. § 206 by failing to pay each Plaintiff at least the minimum wage for every hour worked.

114. [96.]At all times relevant to this action, plaintiffs worked in excess of the hourly levels specified in the FLSA, 29 U.S.C. § 207.  Defendants violated 29 U.S.C. § 207 by failing to pay Plaintiffs an overtime compensation rate of at least 1.5 times their regular rate of pay for every hour worked in excess of forty hours per week.

115. [97.]Defendants' wrongful acts and omissions as alleged herein were willful, knowing, unreasonable, purposeful, and intentional.

116. [98.]The employment and work**Certain attendance and time** records for Plaintiffs **have been produced to Plaintiffs' counsel; all remaining employment and work records** are in the exclusive possession, custody and control of Defendants**.  Pending receipt of all records in Defendants' possession**, and Plaintiffs are unable to state at this time the exact amounts due and owing to each of them.  Defendants are under an obligation imposed by FLSA, 29 U.S.C. § 211(c), and the regulations of the United States Department of Labor to maintain and preserve payroll and other employment records with respect to Plaintiffs and other employees similarly situated from which the amounts of Defendants' liability under the FLSA can be ascertained.

**COUNT 2**
**Maryland Wage and Hour Law**

117. [99.]Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 97~~92~~ herein.

118. [100.]Defendants violated § 3-413 of the MWHL in that they failed to pay Plaintiffs the minimum wage for every hour worked.

119. **[101.]**Defendants violated § 3-415 of the MWHL in that they failed to pay Plaintiffs at least 1.5 times their usual hourly rate for all hours worked in excess of 40 per week.

**COUNT 3**
**Maryland Wage Payment and Collection Law**

120. [102.]Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 97 ~~92~~ herein.

121. [103.]Defendants failed and refused to pay Plaintiffs at regular intervals, failed and refused to provide Plaintiffs with appropriate and required notices of gross pay and deductions, and failed and refused to pay all compensation due and owing in violation of § 3-502, § 3-504 and § 3-505 of the Maryland Wage Payment Law.

122. **[104.]**Defendants' nonpayment of wages is not the result of a bona fide dispute between Defendants and Plaintiffs.

**COUNT 4**
**Breach of Contract**

123. [105.]Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through ~~92~~ 97herein.

124. [106.]Defendants entered into employment contracts with each Plaintiff by promising each Plaintiff employment at certain rates of pay for work performed.

125. [107.]Defendants breached the contract of employment into which they entered with Plaintiffs by failing to pay each Plaintiff for the work they performed at the promised rates of pay.

126. [108.]Each Plaintiff has suffered economic damage as a result of the Defendants' actions.

**COUNT 5**
**Fair Labor Standards Act**

127. **Plaintiff Sales re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 110 herein.**

128. **At all times relevant to this action, Sales was employed by Defendants M. Canales, F. Canales, or A. Canales, or their agents, within the meaning of the FLSA, as amended and has been entitled to the rights, protections and benefits provided under the FLSA.**

129. **Defendants M. Canales, F. Canales, or A. Canales, or their agents, violated 29 U.S.C. § 206 by failing to pay Sales at least the minimum wage for every hour worked.**

130. **At all times relevant to this action, Sales worked in excess of the hourly levels specified in the FLSA, 29 U.S.C. § 207.  Defendants M. Canales, F. Canales, or A. Canales, or their agents, violated 29 U.S.C. § 207 by failing to pay Sales overtime compensation rate of at least 1.5 times his regular rate of pay for every hour worked in excess of forty hours per week.**

131. **The wrongful acts and omissions of Defendants M. Canales, F. Canales, or A. Canales, or their agents, as alleged herein were willful, knowing, unreasonable, purposeful, and intentional.**

## COUNT 6
### Maryland Wage and Hour Law

132. **Plaintiff Sales re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 110 herein.**

133. **Defendants F. Canales, M. Canales, or A. Canales, or their agents, violated § 3-413 of the MWHL in that they failed to pay Sales the minimum wage for every hour he worked.**

134. **Defendants F. Canales, M. Canales, or A. Canales, or their agents, violated § 3-415 of the MWHL in that they failed to pay Sales at least 1.5 times their usual hourly rate for all hours worked in excess of 40 per week.**

## COUNT 7
### Maryland Wage Payment and Collection Law

135. **Plaintiff Sales re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 110 herein.**

136. **Defendants F. Canales, M. Canales, or A. Canales, or their agents, failed and refused to pay Sales at regular intervals, failed and refused to provide Sales with appropriate and required notices of gross pay and deductions, and failed and refused to pay all compensation due and owing in violation of § 3-502, § 3-504 and § 3-505 of the Maryland Wage Payment Law.**

137. **The nonpayment of wages by Defendants F. Canales, M. Canales, or A. Canales, or their agents, is not the result of a bona fide dispute between Defendants F. Canales, M. Canales, or A. Canales, or their agents, and Sales.**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter an order, ~~jointly and severally against all Defendants on Counts 1 through 4~~:

(1)     Granting judgment in favor of Plaintiffs against Defendants**, jointly and severally,** for nonpayment of minimum wage and overtime under Count 1 and awarding Plaintiffs the unpaid minimum wage and overtime and an equal amount in liquidated damages, for a total of $~~103,837.00~~**98,957.00**, as authorized by 29 U.S.C. § 216;

(2)     Granting judgment in favor of Plaintiffs against Defendants**, jointly and severally,** for nonpayment of overtime and wages due under Counts 2 and 3 and awarding Plaintiffs three times those unpaid wages, for a total of $~~295,303.00~~**287,983.00**, as authorized by § 3-507.1(b) of the Maryland Wage Payment and Collection Law;

(3)     Granting judgment in favor of Plaintiffs against Defendants**, jointly and severally,** for breach of contract and awarding Plaintiffs their unpaid promised wages under Count 4;

(4)     **Granting judgment in favor of Plaintiff Sales against Defendants**~~Defendants~~ **M. Canales, F. Canales, and A. Canales, jointly and severally, on Count 5 for nonpayment of wages and overtime, and awarding**

Sales the unpaid minimum wage and overtime and an equal amount in liquidated damages, for a total of $4,880.00, as authorized by 29 U.S.C. § 216;

(5)     Granting judgment in favor of Plaintiff Sales against Defendants M. Canales, F. Canales, and A. Canales, jointly and severally, on Counts 6 and 7, ~~granting judgment in favor of Plaintiff Sales~~ for nonpayment of overtime and wages ~~due under Counts 6 and 7~~, and awarding Plaintiffs three times those unpaid wages, for a total of $7,320.00, as authorized by § 3-507.1(b) of the Maryland Wage Payment and Collection Law; and

(6)     Awarding Plaintiffs the costs of this action;

(7)     Awarding counsel reasonable attorneys' fees; and

(8)     Granting such further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

WHEREFORE Plaintiffs demand a trial by jury on all counts contained herein.

Respectfully submitted,

CASA OF MARYLAND, INC.

_____/s/_____
by: ~~W. Steven Smitson, Esq.~~
~~Federal Bar # 012811~~**Jessica Salsbury**, Esq.
**Federal Bar # 27996**
734 East University Blvd.
Silver Spring, MD 20903
(301) 431-4185, ext. ~~217~~**201**
*Counsel for Plaintiffs*