IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION

| | | |
|---|---|---|
| **JOSE MARROQUIN,** *et al.,* | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. 1:05-cv-03393-CCB |
| **MIGUEL CANALES,** *et al.*, | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**ANSWER AND CROSS-CLAIM OF DEFENDANT/CROSS-CLAIMANT
UNLIMITED RESTORATION SPECIALISTS, INC.**

Defendant Unlimited Restoration Specialists, Inc., d/b/a Unlimited Restoration, Inc. ("URI"), by and through its undersigned counsel, files this Answer and Cross-Claim and states as follows:

1. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the averment stated in Paragraph 1 of Plaintiffs' Complaint.

2. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the averment stated in Paragraph 2 of Plaintiffs' Complaint.

3. Admitted.

4. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the averment stated in Paragraph 4 of Plaintiffs' Complaint.

5. The Plaintiffs' Complaint speaks for itself.

**Parties**

6. URI denies that it employed this Plaintiff at any time. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the averment stated in Paragraph 6 of Plaintiffs' Complaint.

7. URI denies that it employed this Plaintiff at any time. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the averment stated in Paragraph 7 of Plaintiffs' Complaint.

8. URI denies that it employed this Plaintiff at any time. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the averment stated in Paragraph 8 of Plaintiffs' Complaint.

9. URI denies that it employed this Plaintiff at any time. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the averment stated in Paragraph 9 of Plaintiffs' Complaint.

10. URI denies that it employed this Plaintiff at any time. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the averment stated in Paragraph 10 of Plaintiffs' Complaint.

11. URI denies that it employed this Plaintiff at any time. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the averment stated in Paragraph 11 of Plaintiffs' Complaint.

12. URI denies that it employed this Plaintiff at any time. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the averment stated in Paragraph 12 of Plaintiffs' Complaint.

13. URI denies that it employed this Plaintiff at any time. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the averment stated in Paragraph 13 of Plaintiffs' Complaint.

14. URI denies that it employed this Plaintiff at any time. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the averment stated in Paragraph 14 of Plaintiffs' Complaint.

15. URI denies that it employed this Plaintiff at any time. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the averment stated in Paragraph 15 of Plaintiffs' Complaint.

16. URI denies that it employed this Plaintiff at any time. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the averment stated in Paragraph 16 of Plaintiffs' Complaint.

17. URI denies that it employed this Plaintiff at any time. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the averment stated in Paragraph 17 of Plaintiffs' Complaint.

18. URI denies that it employed this Plaintiff at any time. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the averment stated in Paragraph 18 of Plaintiffs' Complaint.

19. URI denies that it employed this Plaintiff at any time. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the averment stated in Paragraph 19 of Plaintiffs' Complaint.

20. URI denies that it employed this Plaintiff at any time. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the averment stated in Paragraph 20 of Plaintiffs' Complaint.

21. URI denies that it employed this Plaintiff at any time. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the averment stated in Paragraph 21 of Plaintiffs' Complaint.

22. URI denies that it employed this Plaintiff at any time. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the averment stated in Paragraph 22 of Plaintiffs' Complaint.

23. URI denies that it employed this Plaintiff at any time. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the averment stated in Paragraph 23 of Plaintiffs' Complaint.

24. URI denies that it employed this Plaintiff at any time. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the averment stated in Paragraph 24 of Plaintiffs' Complaint.

25. URI denies that it employed this Plaintiff at any time. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the averment stated in Paragraph 25 of Plaintiffs' Complaint.

26. URI denies that it employed this Plaintiff at any time. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the averment stated in Paragraph 26 of Plaintiffs' Complaint.

27. URI denies that it employed this Plaintiff at any time. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the averment stated in Paragraph 27 of Plaintiffs' Complaint.

28. URI denies that it employed this Plaintiff at any time. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the averment stated in Paragraph 28 of Plaintiffs' Complaint.

29. URI denies that it employed this Plaintiff at any time. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the averment stated in Paragraph 29 of Plaintiffs' Complaint.

30. URI denies that it employed this Plaintiff at any time. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the averment stated in Paragraph 30 of Plaintiffs' Complaint.

31. URI denies that it employed this Plaintiff at any time. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the averment stated in Paragraph 31 of Plaintiffs' Complaint.

32. URI denies that it employed this Plaintiff at any time. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the averment stated in Paragraph 32 of Plaintiffs' Complaint.

33. URI denies that it employed this Plaintiff at any time. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the averment stated in Paragraph 33 of Plaintiffs' Complaint.

34. URI denies that it employed this Plaintiff at any time. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the averment stated in Paragraph 34 of Plaintiffs' Complaint.

35. URI denies that it employed this Plaintiff at any time. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the averment stated in Paragraph 35 of Plaintiffs' Complaint.

36. URI denies that it employed this Plaintiff at any time. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the averment stated in Paragraph 36 of Plaintiffs' Complaint.

37. URI denies that it employed this Plaintiff at any time. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the averment stated in Paragraph 37 of Plaintiffs' Complaint.

38. URI denies that it employed this Plaintiff at any time. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the averment stated in Paragraph 38 of Plaintiffs' Complaint.

39. URI denies that it employed this Plaintiff at any time. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the averment stated in Paragraph 39 of Plaintiffs' Complaint.

40. URI denies that it employed this Plaintiff at any time. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the averment stated in Paragraph 40 of Plaintiffs' Complaint.

41. URI denies that it employed this Plaintiff at any time. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the averment stated in Paragraph 41 of Plaintiffs' Complaint.

42. URI denies that it employed this Plaintiff at any time. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the averment stated in Paragraph 42 of Plaintiffs' Complaint.

43. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the averment stated in Paragraph 43 of Plaintiffs' Complaint.

44. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the averment stated in Paragraph 44 of Plaintiffs' Complaint.

45. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the averment stated in Paragraph 45 of Plaintiffs' Complaint.

46. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the averment stated in Paragraph 46 of Plaintiffs' Complaint.

47. URI denies that it is a Maryland corporation. URI admits the remainder of Paragraph 47.

48. Paragraph No. 48 calls for a legal conclusion or a question of law for the court to decide. To the extent that the paragraph does not call for a legal conclusion, the allegations are denied.

## Jurisdiction and Venue

49. URI denies the averments stated in Paragraph 49 of Plaintiffs' Complaint.

50. Admitted.

51. URI denies the averments stated in Paragraph 51 of Plaintiffs' Complaint.

## Factual Allegations

### A. Facts Common to All Plaintiffs

52. URI denies the averments stated in Paragraph 52 of Plaintiffs' Complaint.

53. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the averment stated in Paragraph 53 of Plaintiffs' Complaint.

54. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the averment stated in Paragraph 54 of Plaintiffs' Complaint.

55. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the averment stated in Paragraph 55 of Plaintiffs' Complaint.

56. URI denied that any contract was formed between it and any Plaintiff. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the averment stated in Paragraph 56 of Plaintiffs' Complaint.

57. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the averment stated in Paragraph 55 of Plaintiffs' Complaint.

58. URI denies the averment stated in Paragraph 58 of the Plaintiffs' Complaint.

59. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the averment stated in Paragraph 55 of Plaintiffs' Complaint.

60. URI denies that Plaintiffs performed work for it. URI admits that Plaintiffs performed work for the other Defendants and admits the remainder of Paragraph 60 of Plaintiffs' Compliant.

61. Admitted.

62. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the averment stated in Paragraph 62 of Plaintiffs' Complaint.

63. Admitted.

64. Admitted.

65. Admitted.

66. Admitted.

67. Admitted.

68. URI admits that URI personnel were present when attendance was taken each morning at each of the work sites and that URI personnel checked on Plaintiffs' progress throughout the day.

69. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the averment stated in Paragraph 69 of Plaintiffs' Complaint.

70. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the averment stated in Paragraph 70 of Plaintiffs' Complaint.

71. URI denies the averment in Paragraph 71 of Plaintiffs' Complaint.

72. Admitted.

73. URI denies that the automobiles were owned or operated by URI.  Plaintiff admits the remainder of the allegations in Paragraph 73 of the Plaintiffs' Complaint.

74. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the averment stated in Paragraph 74 of Plaintiffs' Complaint.

75. Admitted.

76. URI denies the averment in Paragraph 76 of Plaintiffs' Complaint.

77. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the averment stated in Paragraph 77 of Plaintiffs' Complaint.

78. Admitted.

79. Admitted.

80. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the averment stated in Paragraph 80 of Plaintiffs' Complaint.

81.     URI denies the averment in Paragraph 81 of Plaintiffs' Complaint.

82.     URI denies the averment in Paragraph 82 of Plaintiffs' Complaint.

83.     URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the averment stated in Paragraph 83 of Plaintiffs' Complaint.

84.     URI denies that it had failed to pay any amount it was obligated to pay to any other party in this lawsuit.  URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the averment stated in Paragraph 84 of Plaintiffs' Complaint.

85.     URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the averment stated in Paragraph 85 of Plaintiffs' Complaint.

86.     URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the averment stated in Paragraph 86 of Plaintiffs' Complaint.

87.     URI admits that it made all payments due to the Defendants Canales for MFC's services and that it told Plaintiffs that the Defendants Canales were responsible for paying their wages.  URI denies the remainder of this allegation.

88.     URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the averment stated in Paragraph 88 of Plaintiffs' Complaint.

89.     URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the averment stated in Paragraph 89 of Plaintiffs' Complaint.

90.     URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the averment stated in Paragraph 90 of Plaintiffs' Complaint.

91.     URI admits that it paid Defendants Canales for the independent contractor services rendered by MFC regarding the post-Katrina work.  URI denies the remainder of this allegation.

92. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the averment stated in Paragraph 92 of Plaintiffs' Complaint.

93. URI denies the allegations contained in Paragraph 93 of Plaintiffs' Complaint.

94. URI denies the allegations contained in Paragraph 94 of Plaintiffs' Complaint.

95. URI admits that it received the benefits of the labor of some of the Plaintiffs' labor. URI denies the remainder of the averments stated in Paragraph 95 of the Plaintiffs' Complaint.

96. URI denies that it employed any of the Plaintiffs.

97. URI denies the averments stated in Paragraph 97 of the Plaintiffs' Complaint.

**B.**     **Facts Pertaining to Jose Sales**

98. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the averment stated in Paragraph 9 of Plaintiffs' Complaint.

99. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the averment stated in Paragraph 99 of Plaintiffs' Complaint.

100. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the averment stated in Paragraph 100 of Plaintiffs' Complaint.

101. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the averment stated in Paragraph 101 of Plaintiffs' Complaint.

102. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the averment stated in Paragraph 102 of Plaintiffs' Complaint.

103. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the averment stated in Paragraph 103 of Plaintiffs' Complaint.

104.    URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the averment stated in Paragraph 104 of Plaintiffs' Complaint.

105.    URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the averment stated in Paragraph 105 of Plaintiffs' Complaint.

106.    URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the averment stated in Paragraph 106 of Plaintiffs' Complaint.

107.    URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the averment stated in Paragraph 107 of Plaintiffs' Complaint.

108.    URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the averment stated in Paragraph 108 of Plaintiffs' Complaint.

109.    URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the averment stated in Paragraph 109 of Plaintiffs' Complaint.

110.    URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the averment stated in Paragraph 110 of Plaintiffs' Complaint.

**COUNT 1**

111.    URI incorporates by reference the answers set forth in Paragraphs 1 through 110 herein.

112.    URI denies the allegation contained in Paragraph 112 of Plaintiffs' Complaint as it pertains to URI.

113.    URI denies the averment contained in Paragraph 113 of Plaintiffs' Complaint as it pertains to URI.

114.    URI denies the averment contained in Paragraph 114 of Plaintiffs' Complaint as it pertains to URI.

115. URI denies the averment contained in Paragraph 115 of Plaintiffs' Complaint.

116. URI denies the averments contained in Paragraph 116 of Plaintiffs' Complaint.

## COUNT 2

117. URI incorporates by reference the answers set forth in Paragraphs 1 through 116 herein.

118. URI denies the averment stated in Paragraph 118 as it pertains to URI.

119. URI denies the averment stated in Paragraph 119 as it pertains to URI.

## COUNT 3

120. URI incorporates by reference the answers set forth in Paragraphs 1 through 119 herein.

121. URI denies the averment stated in Paragraph 121 as it pertains to URI.

122. URI denies the averment stated in Paragraph 122 as it pertains to URI.

## COUNT 4

123. URI incorporates by reference the answers set forth in Paragraphs 1 through 122 herein.

124. URI denies the averments stated in Paragraph 124 of Plaintiffs' Complaint as it pertains to URI.

125. URI denies the averments stated in Paragraph 125 of Plaintiffs' Complaint as it pertains to URI.

126. URI denies the averments stated in Paragraph 126 of Plaintiffs' Complaint as it pertains to URI.

## COUNT 5

127. URI incorporates by reference the answers set forth in Paragraphs 1 through 126 herein.

128. URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the averment stated in Paragraph 128 of Plaintiffs' Complaint.

129.    URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the averment stated in Paragraph 129 of Plaintiffs' Complaint.

130.    URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the averment stated in Paragraph 88 of Plaintiffs' Complaint.

131.    URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the averment stated in Paragraph 131 of Plaintiffs' Complaint.

## COUNT 6

132.    URI incorporates by reference the answers set forth in Paragraphs 1 through 131 herein.

133.    URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the averment stated in Paragraph 133 of Plaintiffs' Complaint.

134.    URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the averment stated in Paragraph 134 of Plaintiffs' Complaint.

## COUNT 7

135.    URI incorporates by reference the answers set forth in Paragraphs 1 through 134 herein.

136.    URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the averment stated in Paragraph 136 of Plaintiffs' Complaint.

137.    URI is without knowledge or information sufficient to form a belief as to the truth or falsity of the averment stated in Paragraph 137 of Plaintiffs' Complaint.

138.    URI denies all other averments not specifically admitted above.

## AFFIRMATIVE AND OTHER DEFENSES

URI asserts the following defenses:

1.    Plaintiffs fail to state a claim against URI upon which relief may be granted.

2. URI was not an employer of any of the Plaintiffs.

3. URI discharged any obligations it had regarding this dispute upon its payments to MFC General Contractors, Inc.

4. There is a *bona fide* dispute as to URI's liability in this case.

5. Plaintiffs are not entitled to relief because URI's actions were in good faith and were not malicious, egregious, in bad faith, or taken with willful or reckless indifference or disregard of any legal rights of Plaintiff.

6. Plaintiffs' claims do not involve interstate commerce.

7. Plaintiffs' claims are barred by the doctrine of estoppel.

8. Plaintiffs' claims are barred by the doctrine of payment.

9. Plaintiffs' claims are barred by the statute of frauds.

10. Plaintiffs' claims are barred by the applicable statutes of limitations.

11. Plaintiffs' claims are barred by a failure to mitigate damages.

12. Plaintiffs' claims are barred by the doctrine of unclean hands.

13. This court lacks personal jurisdiction over URI.

WHEREFORE, Unlimited Restoration Specialists, Inc. d/b/a Unlimited Restoration, Inc. respectfully request that this Court:

a. Deny the Plaintiffs' request for $98,957.00 under Count I of the Complaint;

b. Deny the Plaintiffs' request for $287,983.00 under Counts 2 and 3 of the Complaint;

c. Deny the Plaintiffs' request for judgment in their favor for breach of contract;

d. Dismiss the action with prejudice as to Defendant URI;

e. Award URI the costs of this action;

f. Award URI reasonable attorneys' fees; and

g. Grant such further relief as the nature of the cause may require.

### CROSS-CLAIM AGAINST MIGUEL CANALES, MFC GENERAL CONTRACTORS, INC., FREDIS FERMIN CANALES AND ALICIA CANALES

Defendant Unlimited Restoration Specialists, Inc. d/b/a Unlimited Restoration, Inc. ("URI"), by and through its undersigned counsel and by way of Cross-Claim against defendants Miguel Canales, MFC General Contractors, Inc., Fredis Fermin Canales and Alicia Canales (collectively the "Defendants Canales and MFC"), states:

### COUNT I

1. The Plaintiffs listed in Paragraphs 6-42 of Plaintiffs' Complaint (the "Plaintiffs") have filed a Complaint against URI alleging that Plaintiffs have sustained damages resulting from the allegedly wrongful conduct of the Defendants Canales and MFC.

2. Without admitting any liability, if it determined that URI is liable to the Plaintiffs in any respect, such liability is merely imputed and, as a result, any liability for which URI may be liable are chargeable to the Defendants Canales and MFC, and URI is entitled to indemnification from those defendants, together with costs.

WHEREFORE, defendant Unlimited Restoration Specialists, Inc. d/b/a Unlimited Restoration, Inc. demands that judgment for indemnification from defendants Miguel Canales, MFC General Contractors, Inc., Fredis Fermin Canales and Alicia Canales, together with costs.

### COUNT II

3. URI repeats and makes a part hereof the allegations contain in Paragraphs 1 and 2 of Count I of the Cross-Claim.

4.	Without admitting any liability, defendant URI demands contribution from defendants Miguel Canales, MFC General Contractors, Inc., Fredis Fermin Canales and Alicia Canales, with respect to any and all damages which may be assessed against defendant URI and in favor of Plaintiffs, together with costs.

WHEREFORE, Defendant/Cross-Claimant Unlimited Restoration Specialists, Inc. d/b/a Unlimited Restoration, Inc. demands judgment for contribution from defendants Miguel Canales, MFC General Contractors, Inc., Fredis Fermin Canales and Alicia Canales, together with costs.

Dated: September 11, 2006

                                                               Respectfully submitted,

                                                               /s/
                                        R. Daniel Gartrell, Attorney No. 28128
                                        Law Offices of R. Daniel Gartrell, LLC
                                        3337 East Joppa Road
                                        Parkville, Maryland 21234
                                        Phone: (866) 829-9529
                                        Fax:    (410) 510-1543
                                        Email: rdg@gartrell-law.com

                                        Counsel for Defendant/Cross-Claimant
                                        Unlimited Restoration Specialists, Inc. d/b/a
                                        Unlimited Restoration, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of September, 2006, I served a copy of the foregoing Answer and Cross-Claim of Defendant/Cross-Claimant Unlimited Restoration Specialists, Inc., via the Court's CM/ECF procedures, upon:

Walter Steven Smitson
Jessica Salsbury
CASA of Maryland, Inc.
734 E. University Boulevard
Silver Spring, Maryland 20903

Ellen D. Marcus
Zuckerman Spaeder, LLP
1800 M. Street, N.W.
Suite 1000
Washington, D.C. 20036

Attorneys for Plaintiffs

Richard S. O'Connor
Shure, Perez and O'Connor
103 N. Adams Street
Rockville, Maryland 20850

Attorney for Defendants Miguel Canales, MFC General Contractors, Inc., Fredis Fermin Canales and Alicia Canales

                                                            /s/
                                               R. Daniel Gartrell